IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN CHARLES KENNEY, | : | CIVIL ACTION NO. **1:CV-13-2743** |
| Petitioner | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN J.E. THOMAS, | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

**I.   Procedural Background.**

On November 8, 2013, Petitioner John Charles Kenney, an inmate at USP-Lewisburg, Lewisburg, Pennsylvania, filed, *pro se*, the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241[1]. (Doc. 1). Petitioner also filed an Exhibit to his Petition. (Doc. 2). Petitioner filed a motion to proceed *in forma pauperis* (Doc. 3).

Named as sole Respondent in this habeas petition is J.E. Thomas, the Warden at USP-Lewisburg.[2] The habeas petition has not yet been served on Respondent for a response. In this §2241 habeas petition, Petitioner essentially claims that his designation to the Bureau of Prisons

---

[1]Petitioner filed two previous Habeas Petitions which were dismissed by the Court. *See Kenney v. Fanello*, 1:99-cv-1306 and *Kenney v. Thomas*, 1:13-cv-1563. Petitioner also previously filed a *Bivens* civil rights action which was dismissed by the Court. *See Kenney v. Mendez*, 1:00-cv-2143. Petitioner also filed a Motion to Vacate under 28 U.S.C. § 2255 which was terminated. *See Kenney v. USA*, 4:03-cv-1780.

[2]Petitioner named the correct Respondent since he is presently confined at USP-Lewisburg and Thomas is the Warden at this prison. *See* 28 U.S.C. § 2242 and § 2243. *See Rivera v. Scism*, Civil No. 10-1773, M.D. Pa. Petitioner also correctly filed his habeas petition with this Court since he is incarcerated in the Middle District of Pennsylvania. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

("BOP") Special Management Program is "statutorily and categorically unapproved by U.S. Congress." (Doc. 1, p. 2). Petitioner further states that he does not meet the criteria for the self-created disciplinary program and "the decision to designate me here at 'SMU' is 'erroneous.' (*Id.*). Petitioner states that he fully exhausted his administrative remedies on March 15, 2013 with the Central BOP Office. (*Id.*).

Petitioner grounds for challenge are as follows:

GROUND ONE: The ("ACA") Administrative Procedure Act requires U.S. Congressional approval for instituting local or national policies within federal facilities. BOP never sought approval.

GROUND TWO: DUE PROCESS VIOLATION, causes a ''significant atypical hardship'' for failing to adhere to the mandate of Due Process Clause of the U.S. Constitution.

GROUND THREE: Code of Federal Regulation ("CFR") fails to specify a Special Management Unit in the CFR by or for the Bureau of Prisons. BOP fails to cite the approval for SMU by CFR.

GROUND FOUR: I do not meet the criteria for BOP-Program Statement No. 5217.01. Therefore, I should be released from disciplinary confinement.

(Doc. 1, pp. 6-8).

Petitioner requests as relief that the Warden close the illegal program down and either release or transfer him to an "FMC commensurate with my chronic care Psych Level-Two needs." (Id., p. 8).

We now give preliminary consideration to the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977)

2

(applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008 WL 4541945 (M.D. Pa.); *Francis v. U.S.* , 2009 WL 1010522 (M.D. Pa.); *Rivera v. Scism*, Civil No. 10-1773, M.D. Pa.³

Based on this Court's past decisions, we find that Petitioner's remedy is a civil complaint, not a § 2241 habeas petition, as he has presently filed.

**II. Discussion.**

We find that Petitioner's present § 2241 habeas petition should be dismissed in that to the extent Petitioner's challenge is to his placement in SMU, it is not properly brought in a habeas petition. To the extent that Petitioner is challenging his erroneous placement into the SMU, this is a civil claim. Petitioner is not challenging the duration of his confinement in prison, and he does not seek an order directing the BOP to release him from prison. (Doc. 1). Thus, Petitioner is not raising a habeas claim, and his petition seeking relief from SMU should be dismissed.

The Third Circuit in *Leamer v. Fauver*, 288 F. 3d 532, 542 (3d Cir. 2002), stated:

> whenever the challenge ultimately attacks the 'core of habeas' -- the validity of the continued conviction or the fact or length of the sentence -- a challenge, however denominated and <u>regardless of the relief sought,</u> must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate. (Emphasis added).

---

³Rule 4 provides in relevant part: "If it plainly appears from the petition and any attached exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

Petitioner's challenge to the duration of his confinement in the SMU would not result in a release from confinement. This is not a claim to be raised a habeas corpus petition. *See McCarthy v. Warden*, 417 Fed. Appx. 128, 2011 WL 856832 (3rd Cir. 2011); *See also Cardona v. Bledsoe*, 681 F. 3d 533 (June 19, 2012). Nor does it amount to a due process Constitutional claim to be raised in a civil rights action since no liberty interest of Petitioner was implicated. Thus, Petitioner's challenge to the duration of his past confinement in the SMU is not a claim to be raised a habeas corpus petition. Rather, it must be raised in a civil action.

It is now well-settled by this Court that a prisoner's placement into the SMU program, without procedural due process safeguards does not state a Constitutional claim. As this Court stated in *Meekins v. Beard*, 2007 WL 675358 at * 3 (M.D. Pa.):

> "This court has repeatedly found no liberty interest with respect to claims that due process rights have been violated by not giving an inmate a hearing prior to placement in the SMU upon transfer to SCI-Camp Hill. *See Spencer v. Kelchner,* Civ. No. 3:06-1099, 2007 WL 88084 slip op. at * 10-* 12 (M.D.Pa. Jan. 9, 2007)(Kosik, J.); *Francis v. Dodrill,* 2005 WL 2216582 (M.D.Pa., Sept. 12, 2005); *Stotts v. Dodrill,* Civil No. 04-0043 (M.D.Pa., Feb. 7, 2005). In these cases, the court has found that an inmate's placement in the SMU does not implicate his due process rights. In their motion to dismiss, Defendants also argue that Plaintiff's due process rights were not implicated as his confinement in the SMU does not constitute an atypical and significant hardship."

*Id*.

Based on this Court's decisions in *Francis v. Dodrill,* 2005 WL 2216582 (M.D. Pa.), as well as *Meekins, supra*, we find that our Petitioner's placement in the SMU does not implicate his due process rights.

As this Court in *Francis* stated:

> The defendants also argue that Francis' placement in the

4

SMU does not implicate his due process rights. We agree. A due process liberty interest "in avoiding particular conditions of confinement may arise from state policies or regulations." *Wilkinson v. Austin,* 545 U.S. 209, 125 S.Ct. 2384, 2393, 162 L.Ed.2d 174 (2005). The Due Process Clause protects a prisoner's right to "freedom from restraint, which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship in relation to the ordinary incidents of prison life." *Id.* at 2394 (quoting *Sandin v. Connor*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)).

The proper focus for determining whether prison conditions give rise to a due process liberty interest is the nature of the conditions, not mandatory language in prison regulations. *Sandin*, 515 U.S. at 484. In *Sandin*, an inmate was charged with violating prison regulations. *Id.* at 475. At a hearing, the hearing committee refused the inmate's request to present witnesses. *Id.* The committee found the inmate guilty and sentenced him to disciplinary segregation. *Id.* The inmate sought review, and a deputy administrator found some of the charges unfounded and expunged his disciplinary record. *Id.* at 476. Thereafter, the inmate filed suit pursuant to 42 U.S.C. § 1983 for a deprivation of procedural due process during the disciplinary hearing. *Id.* The Tenth Circuit found that he had a protected liberty interest because it interpreted the prison regulations to require that the committee find substantial evidence of misconduct before imposing segregation. *Id.* at 477. The Supreme Court reversed, finding no liberty interest. *Id.* at 484. In doing so, it rejected an approach that focused on whether the prison regulations "went beyond issuing mere procedural guidelines and has used 'language of an unmistakably mandatory character' such that the incursion on liberty would not occur 'absent specified substantive predicates.'" *Id.* at 480 (quoting *Hewitt v. Helms*, 459 U.S. 460, 471-72, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983)). The Court found this approach undesirable because it created a disincentive for prison administrators to codify prison management procedures and because it "led to the involvement of federal courts in the day-to-day management of prisons, often squandering judicial resources with little offsetting benefit to anyone." *Id.* at 482. Thus, the Court held liberty interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected

5

manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484. In applying this test, the Court observed, "[discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id*. at 485. The Court then found that the inmate's disciplinary segregation "did not present a dramatic departure from the basic conditions of Conner's indeterminate sentence" because the conditions of disciplinary segregation were similar to those faced in administrative and protective custody. *Id*. at 486.

In *Wilkinson v. Austin*, 545 U.S. 209, 125 S.Ct. 2384, 2393,

162 L.Ed.2d 174 (2005), the Court applied the *Sandin* test and found that the plaintiff's due process rights were implicated when he was placed in a program where:
almost all human contact is prohibited, even to the point that conversation is not permitted from cell to cell; the light, though it may be dimmed, is on for 24 hours; exercise is for 1 hour per day, but only in a small indoor room ... [P]lacement ... is indefinite and, after an initial 30 day review, is reviewed just annually . . . . [P]lacement disqualifies an otherwise eligible inmate for parole consideration.

*Id*. at 2394-95.

The court found that these harsh conditions "give rise to a liberty interest in their avoidance."

*Id*. at 2395.

*Fraise v. Terhune*, 283 F.2d 506 (3d Cir.2002) applied the *Sandin* test and found that avoiding placement in the Security Threat Group Management Unit (STGMU) in the New Jersey prison system is not a protected liberty interest. Inmates who the prison deemed members of groups that posed a security threat were placed in the STGMU. *Id*. at 509. "An inmate assigned to the STGMU remains in maximum custody until the inmate successfully completes a three-phase behavior modification program." *Id*. at 511. The Court found that despite the

6

> additional restrictions, prisoners have no liberty interest in avoiding placement in the STGMU. *Id.; see also Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (finding that additional restrictions in administrative custody for a period of fifteen months does not deprive prisoners of protected liberty interests).
>
> We find that the conditions in the [USP-Lewisburg] SMU do not remotely approach the severity of the conditions *Wilkinson* found to give rise to a protected liberty interest, and are comparable to the conditions in cases such as *Sandin, Fraise,* and *Griffin*, which found no protected liberty interest.

*Id.*, pp. *3-*4.

The *Francis* Court concluded that the restrictions in the SMU in federal prison were no greater than the restrictions placed on the inmate in *Griffin*. *Id*. * 5. In our case, Petitioner does not allege any greater restrictions in the SMU program at USP-Lewisburg than were placed on the inmates in *Francis*.

The *Francis* Court then stated:

> Inmates have no due process right to a facility of their choosing. *Young v. Quinlan*, 960 F.2d 351, 358 n. 16 (3d Cir. 1992). The Bureau of Prisons retains sole discretion over where to place an inmate. 18 U.S.C. § 3621. Inmates do, however, have a liberty interest in avoiding transfer to facilities where the conditions impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. This is not such a transfer. We find that these conditions and the conditions overall in the SMU are reasonable and proportionate to those in other prisons in the federal system and across the country and do not impose an atypical and significant hardship in relation to the ordinary incidents of prison life. Using restrictions to promote prosocial behavior falls within the parameters of a sentence imposed by a court of law. While Francis clearly would prefer not to be housed in the SMU, his preference is not a liberty interest protected by the Due Process Clause.

7

*Id*.

Based upon the well-settled case law, we shall recommend that Petitioner Kenney's Habeas Corpus Petition **(Doc. 1)** be dismissed without directing service of it on Respondent.

**III.** **Recommendation.**

Based upon the foregoing, it is respectfully recommended that Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**) be dismissed, without directing service of it on Respondent. Further, we recommend that Petitioner's *in forma pauperis* motion be granted solely with respect to the filing of this action.

      s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: December 6, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN CHARLES KENNEY, | : | CIVIL ACTION NO. **1:CV-13-2743** |
| Petitioner | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN J.E. THOMAS, | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **December 6, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis

of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                        **s/ Thomas M. Blewitt**
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated: December 6, 2013**