IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN CHARLES KENNEY, | : | CIVIL NO.1:13-CV-2743 |
| Petitioner | : | |
| | : | (Judge Rambo) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| WARDEN J.E. THOMAS, | : | |
| Respondent | : | |

# M E M O R A N D U M

Before the court is a December 6, 2013, report of the magistrate judge to whom this matter was referred in which he recommends that Petitioner John Charles Kenney's motion for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed. The magistrate judge gave preliminary consideration to the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). Kenney filed objections to the report and recommendation.

In Kenney's initial petition (Doc. 1), he cited the following grounds for relief:

GROUND ONE: The ("ACA") Administrative Procedure Act requires U.S. Congressional approval for instituting local or national policies within federal facilities. BOP never sought approval.

GROUND TWO: DUE PROCESS VIOLATION, causes a "significant atypical hardship" for failing to adhere to the mandate of Due Process Clause of the U.S. Constitution.

GROUND THREE: Code of Federal Regulation ("CFR") fails to specify a Special Management Unit in the CFR by or for the Bureau of Prisons. BOP fails

>                                   to cite the approval for SMU by
>                                   CFR.
>
> GROUND FOUR:   I do not meet the criteria for BOP-
>                Program Statement No. 5217.01.
>                Therefore, I should be released from
>                disciplinary confinement.

(Doc. 1, pp. 6-8.)   In the report and recommendation (Doc. 6), the magistrate judge found that Kenney's placement in the SMU does not amount to a due process constitutional claim since no liberty interest of Kenney's was implicated. (*Id.* at 4.) The magistrate judge also found that the restrictions in the SMU were no greater than the restrictions placed on the inmate in *Griffin v. Vaughn*, 112 F.3d 703 (3d Cir. 1997). The magistrate judge also noted that the allegations made by Kenney were not properly brought by way of a habeas petition.

   In Kenney's objections to the report and recommendation, Kenney argued that the conditions of confinement in the SMU exceeded the conditions found in *Wilkinson v. Austin*, 545 U.S. 209 (2005), *Sandin v. Connor*, 515 U.S. 472, 484 (1995), and *Fraise v. Terhune*, 283 F.3d 506 (3d Cir. 2002). Before ruling on the report and recommendation, this court directed Respondent to respond to the allegations of the medical conditions of the SMU, which response was filed on February 4, 2014. Kenney has filed a reply.

   The issue Respondent was directed to address is whether the alleged medical deprivations constitute an atypical and significant hardship as to implicate due process rights. In *Ganim v. The Federal Bureau of Prisons*, 235 Fed. Appx. 882 (3d Cir. 2007), the court of appeals cited to *Pisehke v. Litscher*, 178 F.3d 497 (7th Cir. 1997), which held that "habeas corpus cannot be used to challenge a transfer between prisons . . . unless the custody in which the transferred prisoner will find himself when transferred is so much more restrictive than his former custody that the

transfer can fairly be said to have brought about . . . 'a quantum change in the level of custody.' "

Kenney's designation to the SMU was the result of his own disruptive behavior at his previous facility. As a result, he was determined to meet the criteria for SMU placement. Respondent argues that Kenney's claims relate to his placement and the conditions of confinement as they pertain to his medical claims and the appropriate treatment for his mental health issues. It appears that he is seen no less than two times per month and recently as often as three times per month by the prison psychiatric services and receives medicine which the department believes is appropriate. (Doc. 13-1.) Kenney believes he should be treated by a psychiatrist rather than a psychologist and that he should receive other types of medication. This is merely a dispute between the inmate and the medical department. Challenges to medical treatment which result from a facility transfer do not represent a "quantum change" in the level of custody cognizable as a section 2241 petition. *Lee v. Williamson*, 297 Fed. Appx. 147, 148 (3d Cir. 2008).

The other restrictions that Kenney set forth in his objections to the report and recommendation were addressed by this court in its memorandum of January 2, 2014 and found not to impose an atypical and significant hardship in relation to the ordinary incidents of prison life. The court will adopt the report and recommendation of Magistrate Judge Blewitt. An appropriate order will be issued.

                                               s/Sylvia H. Rambo
                                               United States District Judge

Dated: March 4, 2014.